```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Criminal No. 08-283(DWF/SRN)


UNITED STATES OF AMERICA,    )
                             )
      Plaintiff,             )
                             )    GOVERNMENT'S PROPOSED
   v.                        )    JURY INSTRUCTIONS
                             )
STEPHEN RENNER,              )
                             )
      Defendant.             )
```

The United States of America, by and through its attorneys, Frank J. Magill, Jr., United States Attorney for the District of Minnesota, and John R. Marti, Assistant United States Attorney, hereby requests that the Court use the attached proposed instructions of law during its preliminary and final instructions to the jury.

Dated: 14 Jan 2009                    Respectfully submitted,

                                      FRANK J. MAGILL, JR.
                                      United States Attorney

                                      *s/ Clifford B. Wardlaw*

                                      *for* ~~BY:~~ JOHN R. MARTI
                                           Assistant U.S. Attorney

JURY INSTRUCTION NO.  1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. [This is true even though some of those I gave you [at the beginning of] [during] trial are not repeated here.]  [The instructions I am about to give you now [as well as those I gave you earlier] are in writing and will be available to you in the jury room.] [I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.01 (2000)

JURY INSTRUCTION NO.  2

    It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

    Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.02 (2000)

JURY INSTRUCTION NO. 3

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses [the documents and other things received as exhibits] [the facts that have been stipulated--this is, formally agreed to by the parties,] [the facts that have been judicially noticed--this is, facts which I say you may, but are not required to, accept as true, even without evidence].

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.03 (2000)

JURY INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

[In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.]

[You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.04 (2000)

JURY INSTRUCTION NO.  5

The indictment in this case charges that the defendant committed the crime of tax evasion. The defendant has pleaded not guilty to that charge.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendant is presumed to be innocent. Thus the defendant, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each essential element of the crime charged.

There is no burden upon a defendant to prove that he is innocent. [Accordingly, the fact that [a] defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.05 (2000)

JURY INSTRUCTION NO.  6

The crime of tax evasion as charged in Counts 1 through 4 of the indictment has three essential elements, which are:

*One*, the defendant owed substantial income tax in addition to that which he reported on his return;

*Two*, the defendant attempted to evade and defeat that additional tax; and

*Three*, the defendant acted willfully.

To "attempt to evade or defeat" a tax involves two things: first, an intent to evade or defeat the tax; and second, some act willfully done in furtherance of such intent. So, the word "attempt" contemplates that the defendant knew and understood that, during the calendar year charged, he had some income which was taxable, and which he was required by law to report; but that he nevertheless attempted to evade or defeat all or a substantial portion of the tax on that income, by willfully failing to report all his known income which he knew he was required by law to state in his return for such year; or in some other way or manner.

To "evade and defeat" a tax means to escape paying a tax by means other than lawful avoidance.

Various schemes, subterfuges, and devices may be resorted to, in an attempt to evade or defeat a tax. The one alleged in the indictment is that of not filing tax returns, and then when confronted by law enforcement agencies of the United States, filing false and fraudulent returns, all with the intent to evade or defeat the tax.  The statute makes it a crime willfully to attempt,

in any way or manner, to evade or defeat any income tax imposed by law.

An attempt to evade an income tax for one year is a separate offense from the attempt to evade the tax for a different year.

Even though the indictment alleges a specific amount of tax due for each of the calendar years, the proof need not show the precise amount of the additional tax due. The Government is only required to establish, beyond a reasonable doubt, that the defendant attempted to evade a substantial income tax, whether greater or less than the amount charged in the indictment.

The fact that an individual's name is signed to a return means that, unless and until outweighed by evidence in the case which leads you to a different or contrary conclusion, you may find that a filed tax return was in fact signed by the person whose name appears to be signed to it. If you find proof beyond a reasonable doubt that the defendant had signed his tax return, that is evidence from which you may, but are not required to, find or infer that the defendant had knowledge of the contents of the return.

To act "willfully" means to voluntarily and intentionally violate a known legal duty.

If all of the essential elements have been proved beyond a reasonable doubt; then you must find the defendant guilty of the count you are considering; otherwise you must find the defendant not guilty of that count.

Manual of Model Criminal Jury Instructions for the Eighth Circuit,
    § 6.26.7201 (2000).

JURY INSTRUCTION NO.  7

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Manual of Model Criminal Jury Instructions for the Eighth Circuit,
    § 3.11 (2000)

JURY INSTRUCTION NO.  8 

[*See* last paragraph of Nos. 3.05-3.08, *supra*.]

JURY INSTRUCTION NO.  9 

You will remember that certain [schedules] [summaries] [charts] were admitted in evidence. You may use those [schedules] [summaries] [charts] as evidence, even though the underlying documents and records are not here. [However, the [accuracy] [authenticity] of those [schedules] [summaries] [charts] has been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 4.12 (2000)

JURY INSTRUCTION NO.  10

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict--whether guilty or not guilty--must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that

you should not tell anyone--including me--how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Manual of Model Criminal Jury Instructions for the Eighth Circuit,
    § 3.12 (2000)